The opinion of the court was delivered by
DeBlanc, J.
The relators are, by representation of their mother, heirs in part of the late.Pierre Wartelle, who died in 1865, leaving, besides other property, some lots of ground situated in the city of New Orleans and appraised, with the improvements thereon, at forty thousand dollars.
Pierre Wartelle left a will in and by which he gave to his wife — Mrs Louisa King — one third of his estate and appointed her his testamentary executrix. In that capacity she applied for and obtained from the parish court of St. Landry an order commanding the sale of the city property, for the alleged purpose of partitioning the same and of paying unliquidated claims.
The intended sale of said property was enjoined by the relators, on the grounds:
1. That Mrs. Louisa King, acting as the executrix of her husband’s will, has already caused to be sold, partly for cash and partly on credit, a portion of the estate of said deceased, the price of which she has retained as one of the purchasers, and the balance of which she has received as executrix; and that — as yet — she has rendered no account of her administration.
2. That the orders commanding the enjoined sale were rendered at chambers, without citation to them, and that they were thus excluded from any participation in the fixing of the terms and conditions of the common property.
*803 The relators’ injunction was dissolved on bond, and the condition of that 'bond, the amount of which is only five hundred dollars, is “ to secure Mary L. and Annette Moore for any and all claims which they may have, and for all damages which they may suffer by the sale of the property,” which — as said — is appraised at forty thousand dollars.
From the ex parte order dissolving their injunction, the parish judge refused to grant them a suspensive appeal, and they have applied to this Court to compel said judge to allow their rejected demand, and to prohibit, until further order, the intended sale of the common property.
In answer to their application, the parish judge alleges, in substance, that he dissolved the relators’ injunction,because, in his opinion, no irreparable injury could result from said dissolution; and that — under these circumstances — he could not consistently have granted an appeal from the order thus issued by him, and which he considers as fully authorized by article 307 of the Code of Practice. The judge’s answer was filed on the 10th of September 1879 ; and — here—he, the executrix and the sheriff, who is merely directed to make the sale already referred ■to, have — on the 1st of November — excepted to the proceedings in mandamus and prohibition, on the ground that the facts therein alleged are not sworn to by the relators themselves, but by their attorney.
As regards the judge, who — in this proceeding — is the principal party, the filing of his answer preceded, by several days, that of his exception, and — -by his answer — he waived the irregularity which he now •complains of. As to those who are otherwise interested in this matter, they have been duly notified of the action taken against the judge, for his refusal to grant the appeal, and they cannot — so far at least as con•cerns the mandamus — rely on an exception which he alone might have ^successfully urged.
Mrs. Wartelle — it is charged — has, since fourteen years, been appointed as the executrix of the last will of her husband, has sold property belonging to the estate of the deceased, purchased a part of the ■same, retained the price of what she purchased, received from others the proceeds of previous sales, and could not, without having rendered an account of her administration and of. the funds already realized, force the sale of the property situated in this city, for the purpose, as •she alleges, of paying claims which may hot be due, the very existence of which is denied by relators, and for the additional purpose of exe•cuting the will of the deceased and effecting a partition of his estate.
One of the debts which the executrix thus attempts to satisfy, is her own claim for over twenty-four thousand dollars, and it is evident that — if unrestrained — the course which she was pursuing would inevitably have deprived the relators of two legitimate advantages — that of ••asking a partition in kind, or — otherwise—of retaining, until a final set *804 tlement, the price of any of the property held in common and which they may purchase, at a sale made for exclusively a partition of their grandfather’s estate.
C. C. 1337 (1260): 1343 (1265).
If the facts alleged and relied upon by the relators, and not denied by the judge, be hereafter substantiated by additional evidence, they certainly justify the injunction which they resorted to, and its dissolution on bond, which — if maintained — would be followed by a sale, a transfer of title and change of possession, might, and — it seems — could not fail to work irreparable injury.
C. P. 566 ; 23 A. 151; 11 A. 39 ; 14 A. 27 ; 39 A. 297.
The relators are entitled to the appeal which they have vainly sought to obtain.
It is, therefore, ordered that the provisional writs of mandamus and prohibition issued on the 11th October, 1879, be and they are hereby made peremptory at the costs of defendants.